UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL BREEN                                             CIVIL ACTION

versus                                                    NO. 08-1089

ALLEN McMILLIN et al                                      SECTION: E/4

## RULING ON MOTION

Defendant Scott Frugé filed a Motion to Dismiss plaintiff Michael Breen's ("Breen") claims against him pursuant to F.R.Civ.P. 12(b)(6).[1]  Record document #18.  The motion was set for hearing without oral argument on May 21, 2008.  Breen filed an opposition memorandum.  After consideration of the motion, memoranda, and the law, the Motion is GRANTED.

## BACKGROUND

This matter arises from an incident that occurred on June 11, 2000.[2]  McMillin, a tenant living in a cottage on Breen's property along the bank of the Tangipahoa River, was rendered a quadriplegic when he dove head first into the river during a party at his residence.  On June 8, 2001, represented by Scott H.

---

[1] On March 23, 2008, attorney John M. Dubreuil made a general appearance, specifically reserving all defenses and/or objections provided by the Federal Rules of Civil Procedure, on behalf of Charles M. Hughes, Jr., and Scott H. Frugé, in a Motion for Extension of Time to file responsive pleadings.  R.d. #7.  The Motion stated that Frugé had been served with process, but that Hughes had <u>not</u> been served, and requested an order granting Frugé an additional thirty days to file responsive pleadings, and Hughes an additional twenty days to file responsive pleadings "<u>after</u> Proof of Service upon him is filed into the record of these proceedings".  The Order granting the Motion for Extension of Time was signed and entered into the record on April 1, 2008, at r.d. #9.  McMillin did not made an appearance and apparently has not been served with process.  No Proof of Service on Hughes has been filed into the record as of this date and Frugé in the only remaining defendant.

[2] The facts are taken from Breen's Complaint, <u>Breen v. Hughes, et al</u>, C.A. No. 08-1089, filed in federal district court on February 21, 2008.

Frugé ("Frugé"), McMillin filed suit for damages against Breen in the 21st Judicial District Court in Tangipahoa Parish. Breen Complaint, ¶8. Although he admits that he was personally served with the citation and petition on September 10, 2001, Breen failed to file an answer or to respond to the lawsuit in any way. Id., ¶9. On October 30, 2003, a preliminary default was entered against Breen pursuant to La.C.C.P. art. 1701(A). Id., ¶10. On July 26, 2004, a hearing to confirm the preliminary default judgment was conducted by Judge Earnest Drake pursuant to La.C.C.P. art. 1702(A). Id. By this time Charles M. Hughes, Jr. ("Hughes") had joined in the representation of McMillin. After testimony from four witnesses (including McMillin) and considering substantial other evidence, Judge Drake entered judgment in McMillin's favor and against Breen in the amount of $8,585,235.53. Id., ¶11. The judgment was affirmed on appeal and is final.[3]

On February 21, 2008, after McMillin moved to execute on his judgment, Breen filed in federal court a "Complaint for Equitable and Declaratory Relief, and Damages, with Demand for Jury Trial" pursuant to 42 U.S.C. § 1983 alleging that under color of state law, the defendants McMillin, Frugé, Hughes and Judge Drake[4]

---

[3] McMillin v. Breen, 925 So.2d 776 (La. Ct. App. 1st Cir. 2006), reh'g denied, 933 so.2d 285 (La. Ct. App. 1st Cir. 2006), cert. denied, 941 So.2d 41 (La. 2006), reconsideration denied, 948 So.2d 115 (La. 2007).

[4] Judge Drake's motion to dismiss based on judicial immunity was granted on April 24, 2008. R.d. #15.

conspired to deprive him of his right to due process of law in the confirmation of the default judgment against him.  His Complaint includes a claim that defendants Frugé and Hughes violated the Louisiana Unfair Trade Practices and Consumer Protection Law (LUTP), La. Rev. Stat. 51:1405 *et esq.*, a claim for delictual damages for intentional infliction of emotional distress pursuant to La. Civ. Code art. 2315, and requests the dissolution of Hughes' professional legal corporation and a preliminary and permanent injunction prohibiting defendants from enforcing the judgment against him.[5]  Id., ¶¶27, 28, 29 and Demand for Judgment.

　　　Frugé filed this motion to dismiss arguing: (1) that to prevail on his § 1983 claim against a private citizen, the plaintiff must allege that the person conspired with or acted in concert with state actors, and the only state actor named as defendant in this case has been dismissed; (2) that Breen received constitutionally adequate due process when he was personally served with the citation and petition; and, (3) Breen's Complaint alleged no facts to support the alleged conspiracy.  In opposition to the motion to dismiss, Breen argues (1) that the lack of a "state actor" as a defendant in a § 1983 action is not fatal to the claim; and, (2) that the allegations and public record adequately state a conspiracy claim.

---

[5]No hearing date was set on the motions for injunction.

**ANALYSIS**

Dismissal of a complaint pursuant to F.R.Civ.P. 12(b)(6) is proper only if the pleadings on their face reveal beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief, or if an affirmative defense or other bar to relief appears on the face of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), the Supreme Court restated the accepted pleading standard: "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1968. The court must also assume that the allegations in plaintiff's complaint are true, and must resolve any doubt regarding the sufficiency of plaintiff's claims in his favor. Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278 (5th Cir. 1993).

### 42 U.S.C. § 1983

> In order to state a claim pursuant to § 1983 against a private citizen, ..., a plaintiff must establish that the conduct which allegedly caused the deprivation of the federal right was "fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 829, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). The fair attribution test requires that a plaintiff show: "(1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged

> with the deprivation may fairly be said to be a state actor." Priester,[v. Lowndes County], 354 F.3d [414] at 423 [5th Cir. 2004].
>
> "State action" requires some manner of state responsibility for the actions which underlie the § 1983 claim. Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 3887 (5th Cir. 1985). A private person does not act under color of state law simply because he invokes state authority. Brummett v. Camble, 946 F.2d 1l178, 1184 (5th Cir. 1991).

Harrison v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre L.L.P., 2005 WL 517342, *3 (E.D.La. 2005)(footnote and other citations omitted.)

Breen argues that under Fifth Circuit jurisprudence, federal court has jurisdiction over his civil rights complaint even in the absence of a named "state actor" as a defendant. He cites Gresham Park Community Organization v. Howell, 652 F.2d 1227 (5th Cir. 1981) in support of the argument. In Gresham, the plaintiffs brought a § 1983 action in federal court to block enforcement of a state court injunction prohibiting the plaintiffs from picketing a liquor store. Id. at 1231. The state court judge who issued the injunction was named as a defendant, as well as Howell, the owner of the liquor store who initiated the state court action resulting in the injunction against the plaintiffs. Id. The question before the Court in Gresham was whether the federal court had original jurisdiction because Howell had obtained a state court preliminary injunction

-5-

based on a state prohibitive law.  Id. at 1236.  The Court found that the presence of the state judge as a defendant was irrelevant to the issue of whether the injunction was "state action" for the purposes of federal § 1983 jurisdiction.  Id. at 1238.  "Although state court judgments do not always create state action, they do in some circumstances."  Id.

The Gresham Court looked to Flagg Bros., Inc. v Brooks, 98 S.Ct. 1729 (1978) and Adickes v. Kress & Co., 398 U.S. 144, 161 n.23 (1970) for guidance as to whether a particular deprivation of a right secured by the Constitution and laws of the United States was under color of state law when, as here, the alleged state action is based on a private party's actions where such party has no authority to act as the state's agent, and is not compelled to act for the state.  Gresham at 1240, and n.39.  In this case, defendant Frugé confirmed a default judgment without notice to the defendant pursuant to state procedural rules.  The question is wether such action can be characterized as "with knowledge of and pursuant to" state law, a minimal requirement to satisfy the "under color of state law test" in a case like this one.  Id.  In Gresham, the Fifth Circuit held that Howell had acted under color of state law when he sought as received the state court's ruling based on a state-created prohibitory rule.  Id. at 1241.

The essence of Breen's § 1983 complaint is that his right to

due process was violated when the preliminary default judgment against him was confirmed at a hearing for which he did not receive prior notice.[6] Complaint, ¶¶15-17.  Breen's § 1983 claim is based on the state court's application of a statutory *procedural rule*; it is not based on the application of a *prohibitory* state law, as in Gresham.  But it does challenge the constitutionality of a facially neutral, valid state procedural rule.  The court finds, at least for the purposes of this motion, that the state court action complained of, which allegedly caused a deprivation of Breen's federal right to procedural due process by a rule of conduct imposed by the state, is "state action" sufficient to support a claim pursuant to § 1983.

### *Deprivation of Due Process*

In In re: Justice of the Peace Landry, 789 So.2d 1271 (La. 2001), the Louisiana State Supreme Court explained as follows:

> The United States Constitution and Louisiana
> Constitution guarantee an individual the
> right to due process of law.  La. Const. Art.
> 1 § 2.  The right to due process is one of
> the most basic and fundamental rights
> bestowed on our citizens by the Constitution.
> Procedural due process requires an
> opportunity to be heard, in addition to
> notice of the pendency of an action against
> an individual.

Id., at 1277 (citations omitted).  The requirements for notice in

---

[6]Breen expressly acknowledges that he does not seek to have this Court review, modify or set aside the underlying "legal judgments" of the state court.  See id., ¶26.

a default judgment procedure are set forth in La.C.C.P. 1702A as follows:

> A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. *If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.* When a judgment of default has been entered against a party that is in default *after having made an appearance of record in the case*, notice of the date of entry of the judgment of default must be sent by certified mail by the party obtaining the judgment of default to counsel of record for the party in default, or if there is no counsel of record, to the party in default at least seven days, exclusive of holidays, before confirmation of the judgment of default.[7]

La.C.C.P. 1702A, West 2008 (emphasis supplied).

Breen's complaint acknowledges that he was personally served with citation and a copy of McMillin's petition on September 10, 2001. Complaint, ¶9. He argues, however, that Louisiana's procedures as applied against him are unconstitutional because service of the citation and petition "do not constitute adequate notice for due process purposes" since there was "no prior notice of the preliminary and confirming defaults." Id. ¶26; Opposition, p. 6.

---

[7]Similarly, F.R.Civ.P. 55(a) and (b)(2) provide that a default judgment *must* be entered on request of a party when the defendant has failed to make an appearance, and that a defendant who has appeared personally or by representative is entitled to 3 days written notice of a hearing to confirm a default judgment. There is no requirement in the federal rules that a defendant who has not made an appearance after receiving service of process is entitled to notice of a hearing to confirm a default judgment.

-8-

The Louisiana courts have already address the issue. In Ganey v. RMH Cable, Inc., 745 So.2d 123 (La. App. 3 Cir., 10/13/99), *writ denied* 754 So.2d 228 (La. 2/4/2000), the Louisiana appellate court reviewed an employer's challenge to the decision of the Louisiana Workers' Compensation Administration awarding the claimant benefits pursuant to a default judgment. Id., at 124. The employer argued, *inter alia*, that the lack of service of pleadings, specifically plaintiff's request for a preliminary default, and correspondence prior to the rendition of the default judgment, rendered the judgment null. Id. at 125. That court held that service of the request for a default judgment was not required:

> We reach this conclusion by considering the intent of the default judgment process *in both the civil and worker's compensation contexts.*
> ....
>
> The intent of the default judgment procedure in either case is to afford a litigant a remedy where a defendant fails to timely respond to a petition. To require service of the motion for preliminary default or of pleadings associated with the confirmation process would defeat the remedy. *A defendant is generally placed on notice by the service of citation and the petition that he has a limited amount of time in which to respond to the petition and that if he does not timely respond, a judgment may be rendered against him without further notice.*

Id., at 127 (emphasis supplied).

Breen's petition on its face reveals beyond a doubt that he

can prove no set of facts that would entitle him to relief pursuant to § 1983 for violation of, or a conspiracy to violate, his right to due process.  His § 1983 claim must be dismissed.

### *Remaining Claims*

At ¶27 of his Complaint, Breen alleges that the conduct of defendants Frugé and Hughes, by obtaining and seeking to enforce an "illegal and unenforceable 'judgment'" against him, violated the Louisiana Unfair Trade Practices and Consumer Protection Law (LUTP), La. Rev. Stat. 51:1405 *et esq.*  At ¶28, Breen makes a claim for delictual damages for intentional infliction of emotional distress pursuant to La. Civ. Code art. 2315.  In the interest of judicial efficiency and management of the court's docket, the Court will address these claims although none of the parties argued the claims in the pleadings regarding this Rule 12(b)(6) motion to dismiss.

The LUTP provides a private cause of action to consumers who suffer damages as a result of unfair or deceptive acts or practices in the conduct of any trade or commerce where the complained of actions constitute a violation of the statute. Landreneau v. Fleet Financial Group, 197 F.Supp.2d 551, 556 (M.D.La. 2002).  "The purpose of the LUTP is to protect consumers and business competitors only, and to deter injury to competition." Landreneau, at id.,, *citing* Schenck v. Living Centers-East, Inc., 917 F.Supp. 432 (E.D.La. 1996).  The statute

defines a "consumer" as "any person who uses, purchases, or leases goods or services."  La. Rev. Stat. 51:1402(1).

First, Breen is not a consumer who purchased, used or leased goods or services from any of the defendants in this lawsuit. Second, the only factual allegations in Breen's Complaint in support of either of these tangential claims for damages are those that purport to describe a conspiracy to deprive him of his constitutional right to due process.  Even assuming that all factual allegations in Breen's Complaint are true, those factual allegations do not support a claim pursuant to LUTP or article 2315 of the Louisiana Civil Code, and those claims must also be dismissed.

Accordingly,

**IT IS ORDERED** that Scott Frugé's motion to dismiss plaintiff's § 1983 claims against him is **GRANTED;** and,

**IT IS FURTHER ORDERED** that plaintiff's claims pursuant to the LUTP and article 2315 of the Louisiana Civil Code are dismissed; and

**IT IS FURTHER ORDERED** that Frugé's Motion for Reconsideration, r.d. #23, is **DISMISSED AS MOOT.**

New Orleans, Louisiana, this 27TH day of May, 2008.

_____
**MARCEL LIVAUDAIS, JR.**
**Senior United States District Judge**

-11-